LOTTINGER, Judge.
This is an appeal by an appointing authority, the Confederate Memorial Medical Center at Shreveport, Louisiana, from a decision of the Civil Service Commission reversing the discharge of the plaintiff-ap-pellee, Marie D. Hollis, from her position as practical nurse 1 in the classified service of said hospital at its Pines Tuberculosis Sanitorium. By letter dated October 3, 1961, appellee was notified of her dismissal effective at the close of business on that date by letter reading as follows:
“Pursuant to the authority contained in Civil Service Rule 12.3 you are hereby advised that you will be separated from your position as Practical Nurse 1 effective at the close of business, October 3, 1961.
“You are being separated because of the following specific offense:
“1. On Thursday, September 21, 1961, Mrs. Ann Dill, R. N. was unable to find you on the ward where you are to perform your tour of duty. This was at approximately 5:15 P.M.
*382 “Upon looking out the rear entrance of the hospital Mrs. Dill saw you coming up a loading ramp with a large paper sack in your hands, which you took to the ‘dirty linen room’ and left in a corner.
“Mrs. Dill opened the sack and found it contained a large slab of bacon approximately three and one half (3^) feet long and two (2) feet wide.
“Under questioning by Mrs. Dill you admitted that this meat was given to you by an employee in the Pines Sanatorium kitchen for your own use.
“Such unauthorized removal of food or property belonging to the hospital cannot be tolerated.
“A copy of this charge and of your notice of removal is being furnished to the Department of Civil Service in accordance with Civil Service Rule 12.3.
“Yours very truly,
Edgar Galloway, M. D.
Director”
The appellee filed a timely appeal from her dismissal with the Civil Service Commission in which she urged that her discharge was without legal cause and that she had thereby been wrongfully deprived of her rights, privileges and emoluments under the Civil Service Laws. She further alleged that her discharge was arbitrary and capricious and motivated by personal prejudice on the part of other employees.
A hearing was held on November IS, 1961, in the City of Shreveport, pursuant to a setting therefor by the Commission for the taking of testimony before a referee of the Department of State Civil Service. Thereafter, the transcript of testimony, together with documentary evidence introduced at the hearing was submitted to the Civil Service Commission who, after having taken the matter under advisement, decided in favor of the plaintiff-appellee Marie D. Hollis.
We note at the outset that the findings of fact by the Commission are as follows:
“(a) Appellant did not go on the ramp, but from the door ‘drug’ the package in and placed it in a corner of the ‘dirty linen room’.
“(b) Between 5:00 and 5:30 P.M. on September 21, appellant’s duty required her to cover wards on two floors. At 5:15 she was between the two floors near the steps and near the doorway from which she took possession of the package.
“(c) The package was not for her own use but to be kept for a kitchen porter at his request. The latter was called for and told to return the meat to the kitchen. He did not incriminate appellant, nor has he returned to work since September 21. There was no removal of property belonging to the hospital, but at best only an attempt to so do.
“Many circumstances found in the record would justify a finding by inference that appellant was a party to the aborted attempt to appropriate property of the State for private use.”
We do not interpret the quoted language as an actual finding to the effect that the plaintiff-employee was actually a party to the attempt to appropriate. The words “would justify a finding by inference” is not, to our minds, such finding of fact and any construction of this language which would hold that it is, would be completely unjustified.
The appointing authority in its appeal to this Court contends that this case is governed by the jurisprudence expressed by the Supreme Court in the case entitled Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962). In that case the Commission clearly- established beyond doubt and found as a fact the disreputable character of Leggett’s place of business and for that reason the Supreme Court maintained the dismissal. In the case before us, the Commission did not find as true the *383 charges brought but only found that the facts “would justify a finding by inference”.
We conclude, therefore, that the record does not contain a finding of fact either that the defendant performed or attempted to perform the “unauthorized removal of food or property belonging to the hospital” as set forth in the cause for discharge. No construction can be given to the Commission’s finding except that it did amount to a finding of fact that the charge was unsupported and that the employee was innocent. A reading of the record will support this finding and consequently, the ruling appealed from is correct and should be affirmed.
Judgment affirmed.